Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                )
                                      )
TARA RETAIL GROUP, LLC,               )    Case No. 17-bk-57
                                      )
         Debtor.                      )    Chapter 11
                                      )
_____ )

## MEMORANDUM OPINION

On April 13, 2017, the court conducted a telephonic hearing to deliver its decision and rationale regarding, among other things, a motion to dismiss filed by COMM2013 CCRE 12 Crossing Mall Road LLC ("Comm2013"). Based upon the court's analysis at the hearing, it denied the motion to dismiss and, given the exigencies surrounding its oral ruling, reserved the right to issue a written memorandum opinion if any party filed an appeal. The court entered its order denying the motion to dismiss on April 14, 2017, and on April 26, 2017, Comm2013 filed notice of its appeal from that order. In order to create a more robust record for the District Court, the court issues this written memorandum opinion restating its justification for denying the motion to dismiss.

Comm2013 asserts that the court should grant its motion to dismiss because the Debtor failed to secure the appropriate corporate authority, required by the Debtor's governing documents, to commence this case. Specifically, it asserts that the Debtor failed to obtain approval for the bankruptcy filing from (i) an Independent Director, (ii) all of the Debtor's members, and (iii) a special purpose entity ("SPE") who serves as a manager of the Debtor but possesses no equity interest therein. The Debtor concedes that it did not strictly comply with the requirements to obtain appropriate authorization to file its bankruptcy case. Despite that, the Debtor asserts that the court should deny the motion to dismiss because it substantially complied with the governing documents regarding its ability to file a petition for relief under Chapter 11. Moreover, it asserts in its supplemental briefing regarding Comm2013's motion to dismiss that it attempted to obtain a

1

substitute Independent Director but was unsuccessful in that regard based upon its inability to compensate such director.

Although the court is unpersuaded by the Debtor's arguments that it substantially complied with its corporate governance or that obtaining proper authorization was legally impossible, and thus unnecessary, the court denies Comm2013's motion to dismiss because the Debtor's managing member, Tara Retail Management, through its Independent Director, John Hosmer, ratified the petition by remaining silent, despite having complete information and an opportunity to be heard on the matter.

## I.  BACKGROUND

The Debtor, a Georgia LLC, manages and operates Elkview Crossing Mall (the "Shopping Center") in Elkview, West Virginia.  The Debtor is a single-asset real estate debtor with rents derived from the Shopping Center as its only source of revenue.  Comm2013 is the Debtor's principal creditor and is secured by a lien on the Shopping Center and an assignment of rents derived therefrom.  On June 23, 2016, a series of thunderstorms caused calamitous flooding across much of southern West Virginia including Elkview.  The flooding destroyed the culvert and bridge that provided the only public access to the Shopping Center.  Thus, the Shopping Center has been inaccessible and inoperable since that date.   Before the flood, the Debtor was current and in compliance with its monetary obligations to Comm2013.  However, quite naturally, in the aftermath of the flood, the Debtor has not generated any rents for the benefit of Comm2013.

The organizational documents that created the Debtor are, at times, murky.  Nonetheless, it is clear that the Debtor exists for the limited purpose of owning and operating the Shopping Center.  Moreover, the Debtor cannot voluntarily file a bankruptcy petition without the unanimous consent of its members.  Articles of Amendment to Articles of Organization ¶ 3(iii), ECF No. 30. Additionally, so long as Comm2013 (or its initial predecessor-in-interest) holds a mortgage lien on any portion of the Debtor's property, the Debtor shall have as its manager a single purpose entity that owns at least zero percent of the membership interests of the limited liability company ("SPC Party"), Articles of Amendment ¶ 4(xxxiii); there shall be in place at all times an Independent Director who serves as either a manager of the Debtor or a director of the SPC party, Articles of Amendment ¶ 4(xxxv); and the Debtor will not seek bankruptcy protection without unanimous consent of its board of directors or managers including the consent of each Independent Director, Articles of Amendment ¶ 4(xxxvii).

The Debtor's Articles of Organization clearly define Independent Director.

"Independent Director" shall mean an individual who (i) has at least three (3) years prior employment experience and continues to be employed as an independent director, independent manager or independent member by CT Corporation, Corporation Service Company, National Registered Agents, Inc., Wilmington Trust Company, Stewart Management Company, Lord Securities Corporation, SPE Independent Director, LLC, or , if none of those companies is then providing professional independent directors, independent managers, and independent members, another nationally-recognized company that provides such services and which is reasonably approved by the lender . . . .

Articles of Amendment ¶ 4.

The Debtor's Operating Agreement provides that the initial manager of the Debtor is Tara Retail Management, Inc. ("Tara Retail Management"). Read consistent with the Articles of Organization, Tara Retail Management is the Debtor's SPC Party. The Articles of Incorporation for Tara Retail Management (the Debtor's SPC Party) largely mirror those of the Debtor's Articles of Organization. It exists for the limited purpose of managing the Debtor. Moreover, for as long as a mortgage lien remains in place on the Debtor's property, it shall have at least one duly appointed Independent Director and will not cause the board of directors to take any action requiring the unanimous affirmative vote of the members of its board of directors unless each Independent Director participated in that vote, Articles of Incorporation of Tara Retail Management, Inc. ¶ 6(xxxiii), ECF No. 163 Ex. 3; it shall not replace an Independent Director without the occurrence of certain triggering events, Articles of Incorporation, ¶ 6(xxxiv); and shall not approve the filing of a bankruptcy petition without unanimous consent of its board of directors, Articles of Incorporation, ¶ 6(iii) .

The Independent Director of Tara Retail Management is John Hosmer, an employee and majority owner of SPE Independent Director, LLC. SPE Independent Director, LLC, is a business that offers corporate services specifically for single-asset entities, particularly focusing on providing independent directors or trustees. Before starting SPE Independent Director, LLC, Mr. Hosmer worked as an attorney for several national law firms performing commercial mortgage-backed security work. Hosmer Dep., 4:22-6:8.

On the eve of bankruptcy, the Debtor's bankruptcy counsel reached out to Mr. Hosmer to obtain the necessary approval required by the Debtor's Articles of Organization to file its bankruptcy petition. Mr. Hosmer declined to approve the petition on such short notice, stating that he would need at least a week and additional information. When the Debtor stated it needed to

3

file bankruptcy by the next day, Mr. Hosmer remained undeterred. In response, William Abruzzino and Debtor's counsel drafted a resolution purporting to remove Tara Retail Management as its manager and replace it with Martin Sheehan and William Abruzzino as new managers. Moreover, the resolution provided that Martin Sheehan would serve as an Independent Manager, and that Mr. Sheehan and Mr. Abruzzino approved the filing of the bankruptcy petition. The Debtor, through its purported new managers, then filed its bankruptcy petition on January 24, 2017.

The court convened four hearings to address the motion to dismiss.[1] At the first hearing, on March 2, 2017, the court raised the possibility that ratification of the petition may be an issue. After an additional round of briefing, the court convened a second hearing on March 30, 2017 regarding the motion to dismiss and other pending matters. At that hearing, the court held that Comm2013 had standing to raise the motion to dismiss. Moreover, the court found that the Debtor's effort to remove Tara Retail Management as the Debtor's SPE party was void, thus Tara Retail Management remained the independent manager of the Debtor and Mr. Hosmer remained the Independent Director of Tara Retail Management. The court therefore rejected the Debtor's argument that it substantially complied with its Articles of Organization. Furthermore, the court rejected the Debtor's arguments that its corporate documents violated public policy and created a legal impossibility. However, the court stopped short of granting the motion to dismiss, explaining that the Debtor's independent manager, Tara Retail Management, may have ratified the petition by remaining silent. In order to make a determination on that matter, the court entered an order that required the Debtor to identify all of the directors and officers of Tara Retail Management. It also required the Debtor to provide a copy of that order to all directors of Tara Retail Management. The order informed them that they may appear and be heard at a subsequent hearing to consider whether the Debtor's management ratified the bankruptcy petition. The order also gave the Debtor and Comm2013 an opportunity to provide additional supplemental briefing on the issue.

---

[1] The court acted to resolve the motion, in addition to other pending matters, as quickly as practicable given its importance as a threshold issue and the financial strain and uncertainty that the loss of the Shopping Center has caused the residents of Elkview, the surrounding communities, and the business tenants and creditors of the Debtor.

Subsequently, both the Debtor and Comm2013 diligently applied themselves to supplementing the record as it relates to the possibility of ratification. The Debtor identified the directors of Tara Retail Management. In that regard there are only two such directors: William Abruzzino and John Hosmer. Moreover, the Debtor provided Mr. Hosmer with a copy of the court's order dated March 30, 2017, which includes in its final paragraph "that the Debtor shall provide a copy of this order to all known Directors of Tara Retail Management, Inc. in the most expeditious manner reasonably available who are hereby notified that they may be heard" at the hearing set on April 6, 2017. On Tuesday, April 4, 2017, both counsel for the Debtor and for Comm2013 deposed Mr. Hosmer in Charlotte, North Carolina. Among other things, Mr. Hosmer indicated during his deposition that he did not explicitly authorize the filing of the Debtor's bankruptcy and that he was unaware of the filing until March 20, 2017, when he received certain bankruptcy pleadings, but that he did not read those pleadings until March 27, 2017, because he was traveling until that time.[2] However, he indicated that by the time of his deposition, he had listened to the recording of the March 30 hearing and was thus informed that his potential ratification was a key issue in this case. Mr. Hosmer also stated during his deposition that he was undecided whether he would approve or disapprove of the Debtor's filing. In fact, he professed uncertainty about whether any decision in that regard should be based on the facts that existed as of the date the case was filed or at the present time. He further indicated that, short of further instruction, he would not conduct any additional analysis to determine if he would expressly ratify the Debtor's bankruptcy filing.

On April 6, 2017, the court convened a third hearing on the motion to dismiss. Notably, neither John Hosmer nor anyone representing him or SPE Independent Director, LLC appeared. However, rather than ruling immediately, the court took the matter under advisement and did not render a final judgment on the motion to dismiss until April 13, 2017, at which time it convened a

---

[2] Notably when asked "would you agree . . . that you have not ratified the debtor's bankruptcy as of today, either affirmatively or by silence?" Mr. Hosmer responded, "I would agree that I have not ratified the bankruptcy affirmatively. I agree that it's a legal conclusion as to whether I've ratified it by silence or acquiescence. That was not my intention, and I don't think I did. But again, I suspect that's a legal matter to be decided based on the facts . . . ." The court agrees with Mr. Hosmer's analysis that reaching a determination regarding whether he implicitly ratified the petition requires a legal conclusion based upon the facts. For that reason, the court does not give weight to his statement that he did not think that he implicitly ratified the Debtor's decision to file bankruptcy.

5

telephonic hearing for the purpose of announcing its decisions regarding the motion to dismiss and other pending motions. At that time, the record as it pertains to Mr. Hosmer and his business remained unchanged: neither he nor anyone on his behalf filed anything with the court, appeared at a hearing, or otherwise attempted to voice any concern with the Debtor's bankruptcy filing. Thus, the court provided its rationale explaining that Hosmer ratified the Debtor's filing by remaining silent for a substantial period of time despite full knowledge that the Debtor filed bankruptcy without first obtaining his authorization. The court entered an order denying Comm2013's motion to dismiss the next day.

## II. ANALYSIS

The determination of who has the authority to file a bankruptcy petition on behalf of a business entity is based on state law because "[t]he Bankruptcy Code does not establish what the internal requisites are for the initiation of a voluntary corporate bankruptcy proceeding." *In re Amercian Globus Corp.*, 195 B.R. 263, 265 (Bankr. S.D.N.Y. 1996). Furthermore, depending on the applicable state law, "the unauthorized filing of a voluntary petition in bankruptcy [on] behalf of a corporation might be ratified in appropriate circumstances by ensuing conduct of persons with power to have authorized it originally." *Hager v. Gibson*, 108 F.3d 35, 40 (4th Cir. 1997). In Georgia, "the law is clear regarding the fact that the actions of a corporate officer acting without authority may be ratified by the Board of Directors after the fact." *In re Valles Mec. Indus.,* 20 B.R. 355, 356 (Bankr. N.D. Ga. 1982). Furthermore, "an unauthorized act may be ratified by failing to promptly disavow that act promptly upon its discovery." *Jape v. Reliable Air, Inc., (In re Reliable Air, Inc.)*, No. 05-85627, 2007 WL 7136475, at *4 (Bankr. N.D. Ga. Mar. 9, 2007) (citing *Southtrust Bank of Georgia v. Parker*, 486 S.E.2d 402, 406 (Ga. App. 1997)). Thus, ratification by silence may be inferred when, despite obtaining full knowledge of the material facts relating to a transaction, a responsible party fails to promptly disavow the action. However, courts should not infer ratification by apparent "silent acquiescence to a transaction . . . [which results] from the complexity of the situation rather than intent." *In re Adelphia Recovery Trust*, 634 F.3d 678, 695 (2nd Cir. 2011).

In this instance, there are only three facts that are relevant to Mr. Hosmer's ratification: (1) that the corporate documents of the Debtor required his permission to seek bankruptcy protection, (2) that the Debtor filed a bankruptcy petition without his assent, and (3) that, post-filing, he remained the Independent Director of Tara Retail Management which was still the manager of the

Debtor. Mr. Hosmer was made aware of each of those material facts. He knew that the Debtor was in bankruptcy no later than March 27, 2017, and that the filing occurred without his endorsement. He was also aware, no later than March 31, 2017, that his role in relation to the Debtor remained unaffected by the filing or the Debtor's actions immediately preceding filing. Thus, he had full knowledge of all facts pertinent to exercising a veto to the bankruptcy filing no later than March 31, 2017.

Despite that knowledge, Mr. Hosmer took no action objecting to the Debtor's filing up to the entry of the court's order denying the motion to dismiss on April 14, 2017. Moreover, Mr. Hosmer, a trained attorney, received an order notifying him of his opportunity to appear and be heard on the issue of ratification at a hearing on April 6, 2017, but he took no action in response to it. Rather, he elected to remain silent.

Comm2013 asserts that Mr. Hosmer's inaction is reasonable because his silence resulted from the complexity of the situation. Moreover, it asserts that no inference of ratification may be drawn because an insufficient period of time has elapsed to support an inference of ratification. However, both of these arguments miss the mark, along with Mr. Hosmer's comment that he has not yet reached a determination regarding whether he would ratify the petition because he has not yet reviewed pertinent financial documents. The act by which ratification is measured is the Debtor's filing of its bankruptcy petition without proper authorization. Whether Mr. Hosmer believes that such filing is or was financially justified at the time is of no consequence. Rather, the sole issue at hand is simple: does the Independent Director object to the Debtor's entry into bankruptcy without proper authorization?

At no point between March 31, 2017 and the entry of the order denying the motion to dismiss on April 14, 2017, did Mr. Hosmer ever object to the Debtor's action. Contrary to Comm2013's argument that the passage of 15 days without action is too short a time period from which to deduce that a director, such as Mr. Hosmer, has ratified an unauthorized action, the court is convinced that, under the circumstances of this case, Mr. Hosmer was accorded a reasonable time period and opportunity within which to make his objections, if any, known to the Debtor and the court. Mr. Hosmer was put on notice that ratification was a key issue in determining whether this bankruptcy case would continue. He was deposed by both interested parties. He received an order presenting him with an opportunity to be heard on the issue of authorization regarding the Debtor's bankruptcy filing, including ratification. And yet, he never once objected to the Debtor's

filing. Rather, he chose silence. Thus, the sum of Mr. Hosmer's conduct leads to the inexorable conclusion that he does wish to be heard on the issue of the Debtor's bankruptcy filing in the absence of his authorization. In fact, as of the entry of this memorandum opinion, he has still taken no action to disavow the Debtor's filing.

### III. CONCLUSION

For the reasons stated herein, and on the record previously, the court finds that the Debtor's manager, Tara Retail Management, ratified the filing of the bankruptcy petition such that it now has appropriate authorization by which it may pursue its case. There is no dispute that William Abruzzino supports the ratification. Furthermore, Mr. Hosmer's silence, particularly in light of a court order providing him with an opportunity to be heard, supports the inference that he too supports ratification or is at least indifferent. Thus, it is now undisputed that the Debtor obtained authorization from all of its members to file. Therefore, the Debtor complied with its governing documents and Comm2013's motion to dismiss must be denied.