## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

**TARA RETAIL GROUP, LLC**                           **Chapter 11**

   **Debtor,**                                        **Case No. 1:17-bk-00057**


### MOTION TO COMPROMISE DEBTOR'S
### CLAIM AGAINST EMERALD GRANDE, LLC


Tara Retail Group, LLC, ("Tara" or "Debtor") by counsel, moves this Court pursuant to 11 U.S.C. §§'s 363 and 105 and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order approving the compromise of Tara's administrative expense claim ("Claim") in the bankruptcy case of Emerald Grande, LLC ("EG"), pending in this Court as Case No. 17-21, and resolving certain encroachment issues involving Tara's real property, relating to the sale by EG of a hotel.  In support of this Motion, Tara states as follows:

### PROCEDURAL BACKGROUND

1.      On January 24, 2017, Tara filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.      Tara continues to manage and operate its business and property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      Tara owns a certain real estate development generally known as the Elkview Crossings Shopping Mall, Elkview, West Virginia (the "Crossings Mall").

4.      On or about June 23, 2016, a flood destroyed access to the Crossings Mall and all businesses in the Crossings Mall were forced to close.  In addition, EG's La Quinta Inn Hotel

("Hotel") was forced to close.  The Crossings Mall and EG's Hotel remained closed until in or about August, 2017.

5.      EG filed its chapter 11 petition in this Court on January 11, 2017, due to the closure of the Hotel.

6.      On February 17, 2017, Tara filed a motion to obtain post-petition financing in order to rebuild the bridge ("Bridge") providing access to the Crossings Mall. Doc. 98.  On February 23, 2017, this Court entered an order and notice setting a final hearing on March 2, 2017, on various pending matters, including Tara's motion to obtain post-petition financing to rebuild the Bridge. At the conclusion of the hearing on March 2, this Court took all pending motions under advisement.  On March 15, 2017, Tara filed its renewed motion to obtain post-petition financing, granting super priority administrative expense claim and priming lien on the Crossings Mall property.  Doc. 167.

7.      This Court ultimately granted Tara's motion, and Tara undertook to rebuild the Bridge, thereby restoring access to the Crossings Mall and the Hotel at the end of July, 2017. Tara's cost to rebuild the Bridge totaled $1,112,664.50.

8.      On or about October 30, 2017, Tara filed a motion to allow the Claim in EG's bankruptcy case in the amount of $556,332.00, or ½ of the cost of rebuilding the Bridge (Doc. 229), and EG filed A.P. No. 17-36 for a declaration of the amount of Tara's Claim.

9.      In EG's bankruptcy case, this Court has approved the sale of the Hotel by order entered on September 11, 2019 (Doc. 712).  Subsequent to September 11, 2019, the purchaser of the Hotel commissioned a survey (**Exhibit A** to this motion).  The survey shows certain encroachment issues between the properties of EG and Tara, as follows:

(a)      A portion of the Hotel building and a portion of the retaining wall separating the Hotel from the adjoining property of 84 Lumber is on Tara's property.

(b)      The air conditioning units and electrical pad and equipment servicing the Hotel, a garbage enclosure utilized by the Hotel, and mulch beds and landscaping for the Hotel are on Tara's property.

(c)      Certain parking spaces utilized by the Hotel are on Tara's property.

10.      The purchaser of the Hotel requires that these encroachment issues be resolved, prior to completing its purchase of the Hotel.

11.      Tara and EG now propose to settle all matters in dispute between them relating to Tara's Claim, on the following terms:

(a)      Tara's claim in EG's bankruptcy case will be allowed as an administrative expense claim in the amount of $400,000.00, and as a general unsecured claim in the amount of $156,332.00.  EG's motion to surcharge the collateral of Carter Bank will be compromised, to allow for the payment of $400,000.00 to Tara, upon the sale of EG's Hotel.  This Court approved this compromise and settlement in EG's case on September 11, 2019 (Doc. 712).

(b)       By this motion to approve the compromise and settlement of the Claim in this case, and resolve certain encroachment issues thereby facilitating the sale of EG's Hotel, Tara requests this Court to approve (i) the issue of a quitclaim deed to EG for that portion of the retaining wall presently owned by Tara, separating the Hotel from the property of 84 Lumber and the property on which it is located (to include the portion of the property on which the Hotel building

encroaches), (ii) the grant of an easement to EG for continued use, maintenance and replacement of the air conditioning units and electrical pad and equipment servicing the Hotel, a garbage enclosure utilized by the Hotel, and mulch beds and landscaping which are on Tara's property, (iii) the grant of a confirming easement, formally memorializing EG's continuing right to utilize the parking spaces adjacent to the Hotel, all as shown on the ALTA/ACSM Survey of EG's Hotel, a copy of which is attached hereto as **Exhibit A**, and (iv) the grant of a confirming access easement, from County Route 45 across the right of way maintained by the West Virginia Department of Highways (containing the Bridge) and through the access road to the Hotel.  The form of quitclaim deed to be issued by Tara is attached hereto as **Exhibit B**, the form of Easement and Right of Way agreement to be entered into between Tara and EG is attached hereto as **Exhibit C,** and the form of Confirmatory Easement and Right of Way Agreement to be entered into between Tara and EG is attached hereto as **Exhibit D**.

12.    Tara requests this Court to enter an order pursuant to 11 U.S.C. §363(f), enabling Tara to issue a quitclaim deed for a small tract of its property, which is of negative value to Tara. The property to be deeded to EG, as shown on **Exhibit A**, carries with it the burden of maintaining the retaining wall.  As Tara's estate will actually be benefitted by virtue of disposing of this negative asset, Tara requests the Court to order that this quitclaim deed in the form of **Exhibit B** is free and clear of all liens and encumbrances.

13.    Further, Tara requests this Court to enter an order pursuant to 11 U.S.C. §363(e), granting an easement as described in **Exhibit C** to the owner of the Hotel for continued use, maintenance and replacement of the air conditioning units and electrical pad and equipment

servicing the Hotel, the garbage enclosure and the mulch beds and landscaping utilized by Hotel. These air conditioning units, electrical pad and equipment, garbage enclosure, mulch beds and landscaping have been utilized by the owner of the Hotel for more than 10 years, and thus in fact were being thus utilized when Tara was organized in 2013.  In addition, in the event that the secured creditor in this case objects to the abandonment by Tara of the tract identified in paragraph 12, Tara requests the Court to grant an easement to the owner of the Hotel for the right to maintain the retaining wall, separating the Hotel property from the adjoining property of 84 Lumber and an easement for encroachment of the Hotel building onto the tract identified in paragraph 12.

14.     Finally, Tara requests this Court to enter an order pursuant to 11 U.S.C. §363(e), granting a confirming easement in the form of **Exhibit D** to the owner of the Hotel, for continued use of parking spaces adjacent to the Hotel, as shown on **Exhibit A**, and continued access to the Hotel, from County Route 45 across the right of way maintained by the West Virginia Department of Highways (containing the Bridge) and through the Crossings Mall access road, to the Hotel.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

15.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

16.     Relief is appropriate under section 105 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

17.     Debtor respectfully requests entry of an order approving the compromise of its Claim as follows (the "Compromise") and as set forth in the proposed *Agreed Order Compromising Debtor's Claim Against Emerald Grande, LLC*, filed herewith, and incorporated herein by reference:

a.      EG will recognize and allow Tara's administrative expense claim in EG's case in the amount of $400,000.00, which shall be paid in full upon the sale of EG's Hotel.  In addition, EG will recognize and allow Tara's general unsecured claim in the amount of $156,332.00;

b.      Tara shall issue a quitclaim deed to EG pursuant to 11 U.S.C. §363(f) for a portion of the retaining wall separating the Hotel from the property of 84 Lumber and the property on which it is located, and pursuant to 11 U.S.C. §363(e), grant an easement of continued use, maintenance and replacement by EG of the property containing the air conditioning units and electrical pad and equipment servicing the Hotel, the garbage enclosure, mulch beds and landscaping utilized by the Hotel, and grant a confirming easement for continued vehicular access to the Hotel and continued use of parking spaces contiguous to the Hotel, as described in **Exhibits B, C and D**.

c.      Except as set forth in subparagraphs 17 a. and b. herein, Debtor and EG agree for themselves and their respective predecessors; successors; assigns; estates; and present and former: shareholders, officers, directors, members, employees, administrators, insurers, agents, attorneys, representatives, contractors, subcontractors, parent corporations, subsidiaries, divisions, or affiliated corporations, organizations or entities, whether previously or hereinafter affiliated in any manner, to irrevocably and unconditionally release and discharge each other from any and

all claims, rights, demands, obligations, actions, causes of action and/or liabilities, complaints, lawsuits, administrative charges, damages, attorneys' fees, costs, penalties and liabilities of any nature whatsoever, whether or not now known, suspected or claimed, matured or unmatured, fixed or contingent, which existed, now exist, or may exist against each other (whether directly or indirectly), or any of them, from the beginning of the world up through the entry of a final order approving this Compromise, without limitation by reason of any act, event or omission concerning, related to or arising out of or in connection with any claims relating to the Bridge.

        d.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall not be read to violate any previous order entered in this case.

### The Compromise Should Be Approved Pursuant to Bankruptcy Rule 9019

18.     Bankruptcy Rule 9019 provides that the Court "may approve a compromise and settlement." Fed. R. Bankr. P. 9019. Compromises are tools for expediting the administration of the case, reducing administrative costs and are favored in bankruptcy. *See, In re Bond*, 1994 U.S. App. Lexis 1282, *9 - *13 (4th Cir. 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'"); *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., *Bartel v. Bar Harbour Airways, Inc*., 196 B.R. 268 (S.D.N.Y. 1996); *In re Miller,* 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Check Reporting Service, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *In re Patel,* 43 B.R. 500, 504 (N.D. Ill. 1982).

19.    The standard by which a court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the court should consider the following factors:

a) the probability of success in litigation;

b) the difficulty in collecting any judgment that may be obtained;

c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant to it; and

d) the interest of creditors and equity holders and a proper deference to their reasonable views of the settlement.

See, Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968); United States ex. rel. Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 152 (D. Md. 2001); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997).

20.    The decision to approve a settlement or compromise is within the discretion of the court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See, TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. In re Neshaminy Office Bldg. Associates., 62 B.R. 798, 803 (E.D. Pa. 1986).

21.    In the present matter, the proposed Compromise is properly approved by the Court because the Debtor and its bankruptcy estate are receiving the benefit of an immediate

payment of $400,000 upon the sale of the Hotel, in respect of its administrative expense claim in EG's case, thus avoiding further expensive litigation.

22.    The proposed Compromise satisfies each of the factors for approval of settlements delineated in *TMT Trailer Ferry*:

>       a. the probability of success in pursuing the Claim in EG's case is uncertain and remote, and the settlement memorialized in the Compromise eliminates the risk of a non-recovery on the Claim. Such a result clearly falls within the range of results that might be obtained if these matters were litigated.

>       b. As for potential difficulties with respect to collection, the settlement memorialized in the Compromise paves the way for an immediate receipt of $400,000.00 upon the sale of the Hotel, and eliminates the uncertainty and timing of the sale of the Hotel.

>       c. The Compromise eliminates the expense, uncertainty and delay in litigating the Claim in EG's case.

>       d. Finally, the Compromise provides proper deference to the interests of creditors and claimants because the settlement amount will be received immediately.

23.    Tara, in its reasoned business judgment, has concluded that the Compromise, including the releases provided for the benefit of the Debtor EG thereunder, are in the best interest of the Debtor, its bankruptcy estate, creditors and other parties-in-interest.

24.    Based on the fact that Tara will not be giving up anything of value in connection with the Compromise and in fact will immediately receive $400,000 upon the sale of the Hotel,

Tara respectfully requests that the Court schedule an expedited hearing on this motion and approve the Compromise between the Debtor and EG as set forth in the proposed Agreed Order attached hereto.

**WHEREFORE**, for the reasons set forth herein, Tara respectfully requests that the Court schedule an expedited hearing on this motion and enter the Agreed Order approving the compromise of its Claim in the Emerald Grande bankruptcy case upon the terms and conditions set forth herein pursuant to 11 U.S.C. §§'s 363 and 105, and grant it such other and further relief as the Court deems appropriate.

**TARA RETAIL GROUP, LLC,**

**By Counsel:**

/s/ Steven L. Thomas
Steven L. Thomas (WVSB # 3738)
Victoria L. Wilson (WVSB # 10607)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, West Virginia 25327
Tel:  (304) 345-8900
Fax:  (304) 345-8909
sthomas@kaycasto.com;
vwilson@kaycasto.com
    *Counsel to Tara Retail Group, LLC*

**EXHIBIT A**



**Easement Area**

**Grantor's Property**

**Easement Area**

**Hotel Property**

5-STORY COMMERCIAL BUILDING

**EXHIBIT**

*tabbies*

A

**EXHIBIT B**

**THIS QUITCLAIM DEED**, made this _____ day of _____, 2019, by and between **TARA RETAIL GROUP, LLC**, a Georgia limited liability company, party of the first part or Grantor, and **EMERALD GRANDE, LLC**, a Georgia limited liability company, party of the second part or Grantee;

**WITNESSETH:** That for and in consideration of the sum of One Dollar (1.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, the party of the first part does hereby **REMISE, RELEASE AND FOREVER QUITCLAIM** unto the party of the second part all of its right, title, and interest in and to that certain parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate on the Waters of Little Sandy Creek, in Elk District, Kanawha County, West Virginia, and being more particularly described as follows:

Beginning at a 2 1/4 inch iron pipe, found, being the northern most point of the property owned by Emerald Grande, LLC, a Georgia limited liability company, Tax Map 18, Parcel 53.4 (Deed Book 2730 at page 152); thence S 17-25-54 W 307.63 feet to a 5/8 inch rebar, found; thence S 30-51-56 W 20.49 feet to a 1 1/2 inch iron rod, found; thence with Pierce Hardy Limited Partnership, Tax Map 18, Parcel 53.7, N 10-14-40 E 307.97 feet to a 1 inch iron pipe, found; thence _____, as shown on that certain map entitled "_____" attached hereto and made a part hereof.

And being a part of the same property conveyed to Tara Retail Group, LLC, a Georgia limited liability company, by Interstate Properties, LLC, a Florida limited liability company, by deed dated

1

September 10, 2013, and recorded in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Deed Book 2861 at page 401.

**DECLARATION OF EXEMPTION FROM WITHHOLDING REQUIREMENTS OF W. Va. Code § 11-21-71b:** Under the penalties of perjury, the party of the first part declares and certifies that the party of the first part is exempt from the tax withholding requirements of <u>W. Va. Code</u> § 11-21-71b because the consideration paid for this conveyance is zero dollars, and the party of the first part intends this declaration to satisfy the requirements thereof.

**DECLARATION OF CONSIDERATION:** The party of the first part does hereby declare that the consideration paid for this quitclaim deed is zero dollars.

**IN WITNESS WHEREOF,** Tara Retail Group, LLC has caused its name to be affixed hereto by its duly authorized manager or officer.

**TARA RETAIL GROUP, LLC**,
a Georgia limited liability company,

By: _____

Its: _____

[Acknowledgment page follows]

2

STATE OF _____,

COUNTY OF _____, to-wit:

  The foregoing instrument was acknowledged before me this _____ day of _____,

2019, by _____, the _____ of Tara Retail

Group, LLC, a Georgia limited liability company, to be the act and deed of said limited liability

company.

  My commission expires _____.

       _____

       NOTARY PUBLIC

THIS INSTRUMENT WAS PREPARED BY JONATHAN NICOL, ATTORNEY-AT-LAW, KAY CASTO & CHANEY PLLC, P.O. BOX 2031, CHARLESTON, WV 25327, WITHOUT THE BENEFIT OF A TITLE EXAMINATION, TITLE REPORT, TITLE CERTIFICATE, OR TITLE INSURANCE COMMITMENT AND NEITHER THE PREPARER NOR KAY CASTO & CHANEY PLLC BY THE PREPARATION OF THIS INSTRUMENT MAKE ANY EXPRESS OR IMPLIED WARRANTIES, REPRESENTATIONS, OR AFFIRMATIONS OF ANY KIND, NATURE, OR CHARACTER, INCLUDING, WITHOUT LIMITATION, WARRANTIES, REPRESENTATIONS, OR AFFIRMATIONS RELATING TO THE QUALITY OF TITLE, THE NATURE OF TITLE, POSSESSION, QUIET ENJOYMENT, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, THE CONDITION OF THE PROPERTY, ACCESS TO THE PROPERTY, OR THE CAPACITY OF THE GRANTOR TO GRANT OR CONVEY TITLE. NEITHER THE PREPARER NOR KAY CASTO & CHANEY PLLC SERVED AS SETTLEMENT AGENT AND IS NOT THE REAL ESTATE REPORTING PERSON FOR PURPOSES OF W. VA. CODE § 11-21-71B.

# EXHIBIT C

**THIS EASEMENT AND RIGHT OF WAY**, made this _____ **day of _____, 2019**, by and among **TARA RETAIL GROUP, LLC**, a Georgia limited liability company, hereinafter referred to as "Grantor"; and **EMERALD GRANDE, LLC**, a Georgia limited liability company, hereinafter referred to as "Grantee";

**RECITES:** That certain map or plat entitled "PLAT SHOWING ALTA/ACSM LAND TITLE SURVEY OF A 1.5638 ACRE PARCEL OF LAND ON THE WATERS OF LITTLE SANDY CREEK OF ELK RIVER ELK DISTRICT, KANAWHA COUNTY, WEST VIRGINIA PREPARED FOR KM HOTELS, LLC," dated October 14, 2019, prepared by William R. Gunnoe, RPS #801 (the "Map") has identified certain encroachments onto Grantor's property (Elk District, Tax Map 18, Tax Parcel 52.1) (hereinafter referred to as "Grantor's Property") located to the north of the said 1.5638 acre parcel (hereinafter referred to as the "Hotel Property") consisting of several air units, a 480v electric pad mount and equipment thereon, landscaping, access sidewalk into the hotel and a trash dumpster enclosure (collectively, the "Encroachments").

Grantor is willing to grant to Grantee a perpetual easement and right of way on Grantor's Property to use a portion of Grantor's Property that includes the Encroachments.

**NOW, THEREFORE,** in consideration of the sum of One Dollar ($1.00), cash in hand paid and other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, Grantor does hereby **GRANT and CONVEY** unto Grantee a perpetual easement and right of way over, across and through Grantor's Property for the Encroachments, as well as for their maintenance, repair and replacement, as designated and shown as the "Easement Area" on an enlarged portion of the Map attached hereto and made a part hereof as Exhibit A. The easements and

1

agreements created and granted herein shall be appurtenant to and run with the title to the Hotel Property and the Grantor's Property, and shall be binding upon the parties and their respective successors and assigns.  The easements created and granted herein include all incidental rights reasonably necessary for the use and enjoyment of the respective easements for their intended purpose.

 **IN WITNESS WHEREOF**, the said Tara Retail Group, LLC, a Georgia limited liability company, has caused its name to be hereto signed by its proper manager or officer thereunto duly authorized, as of the year and day first above written:

      **TARA RETAIL GROUP, LLC**, a Georgia limited liability company

      By:  _____

      Its: _____

STATE OF _____,

COUNTY OF _____, to-wit:

 I do hereby certify that _____, the _____ of Emerald Grande, LLC, a Georgia limited liability company, whose name is signed to the writing above, has this day acknowledged before me the said writing to be the act and deed of the said company.

 Given under my hand this _____ day of _____, 2019.

 My commission expires_____.

     _____
     NOTARY PUBLIC

This instrument was prepared by Jonathan Nicol of Kay Casto & Chaney PLLC, Attorneys at Law, Post Office Box 2031, Charleston, West Virginia 25327.

**EXHIBIT D**

**THIS CONFIRMATORY EASEMENT AND RIGHT OF WAY**, made this _____ **day of _____, 2019**, by and among **TARA RETAIL GROUP, LLC**, a Georgia limited liability company, hereinafter referred to as "Grantor"; and **EMERALD GRANDE, LLC**, a Georgia limited liability company, hereinafter referred to as "Grantee";

**RECITES:** By that certain deed dated September 10, 1999, made by and between Interstate Properties, Inc., a Georgia corporation, as grantor, and Plaza Management, L.L.C., as grantee, of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Deed Book 2480 at page 541 (the "Hotel Deed"), Plaza Management, L.L.C. acquired a certain parcel of real property containing 1.558 acres, more or less (Elk Tax District Tax Map 18, Tax Parcel 53.4), on which was constructed a hotel (the "Hotel Property").

At the time of the recording of the Hotel Deed, the said Interstate Properties, Inc. owned the adjacent shopping center and access roads ("Elkview Crossings Mall") consisting of approximately 32.50 acres, more or less.

The Hotel Deed contains the following provision:

> The GRANTOR [Interstate Properties, Inc.] reserves unto itself and the GRANTOR grants to the GRANTEE [Plaza Management, L.L.C.] a perpetual, mutual and reciprocal cross easement and right of way over, across and through the access roads, ways and lanes and the parking areas of the other for all vehicles and pedestrians as well as for the installation and maintenance of utility facilities to the property of the other party.

Emerald Grande, LLC, the Grantee herein, is the successor in title to Plaza Management, L.L.C. and is the current owner of the Hotel Property.

A question has been raised as to whether or not the Hotel Property has access to and from State Route 45 and whether invitees and others using the Hotel Property can use parking areas now

1

owned by Grantor, who is the successor in title to Interstate Properties, Inc. Grantor executes this easement and right of way for the purpose of confirming unto Grantee, its successors and assigns, its right to use the access roads, ways and lanes and the parking areas owned by Grantor in or near the Elkview Crossings Mall.

**NOW, THEREFORE,** in consideration of the premises and in pursuance thereof, Grantor does hereby **CONFIRM** unto Grantee, and Grantee's successors and assigns, that Grantee, its successors and assigns, has a perpetual easement and right of way over, across and through the access roads, ways and lanes and the parking areas of Grantor's property located in or near the Elkview Crossings Mall for all vehicles and pedestrians as well as for the installation and maintenance of utility facilities, including, without limiting the generality of the foregoing, (i) access to and from State Route 45, and (ii) the parking area directly to the north of the Hotel Property and the parking areas located on Tax Parcel 53.3 and Tax Parcel 55 of Elk Tax District Tax Map 18. Grantor shall continue to maintain and repair, or cause to be maintained and repaired, the access roads, ways and lanes and the parking areas on Grantor's Property.  The easements and agreements created, granted and confirmed herein shall be appurtenant to and run with the title to the Hotel Property and the Elkview Crossings Mall, and shall be binding upon the parties and their respective successors and assigns.  The easements created, granted and confirmed herein include all incidental rights reasonably necessary for the use and enjoyment of the respective easements for their intended purpose.

**IN WITNESS WHEREOF**, the said Tara Retail Group, LLC, a Georgia limited liability company, has caused its name to be hereto signed by its proper manager or officer thereunto duly authorized, as of the year and day first above written:

2

**TARA RETAIL GROUP, LLC**, a Georgia limited liability company

By: _____

Its: _____

[Acknowledgment page follows]

STATE OF _____,

COUNTY OF _____, to-wit:

      I do hereby certify that _____, the _____ of Emerald Grande, LLC, a Georgia limited liability company, whose name is signed to the writing above, has this day acknowledged before me the said writing to be the act and deed of the said company.

      Given under my hand this _____ day of _____, 2019.

      My commission expires_____.


_____
NOTARY PUBLIC


This instrument was prepared by Jonathan Nicol of Kay Casto & Chaney PLLC, Attorneys at Law, Post Office Box 2031, Charleston, West Virginia 25327.

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


In re:

**TARA RETAIL GROUP, LLC**                                 **Case No. 1:17-bk-00057**

             **Debtor.**                                 **Chapter 11**


<u>**CERTIFICATE OF SERVICE**</u>

      I do hereby certify that on October __, 2019, I filed the foregoing ***Motion to Compromise Debtor's Claim Against Emerald Grande, LLC*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

    David L. Bissett, Esq.
    Trial Attorney, Office of the U.S. Trustee
    2025 United States Courthouse
    300 Virginia Street, E.
    Charleston, WV  25301
    David.L.Bissett@usdoj.gov

    Julia A. Chincheck
    BOWLES RICE LLP
    600 Quarrier Street
    Post Office Box 1386
    Charleston, West Virginia 25325-1386
    jchincheck@bowlesrice.com
     *Counsel for Carter Bank & Trust*

    Jonathan L. Hauser
    Troutman Sanders LLP
    222 Central park Avenue, Suite 2000
    Virginia Beach, VA  23462
    jonathan.hauser@troutmansanders.com
     *Counsel for Carter Bank & Trust*

D. Carol Sasser, Esq.
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
dsasser@siwpc.com
   *Counsel for the Kanawha County Commission*

Sarah E. Smith, Esq.
BOWLES RICE LLP
600 Quarrier Street
P.O. Box 1386
Charleston, West Virginia 25325-1386
ssmith@bowlesrice.com
*Counsel for Kroger Limited Partnership I*

Julie R. Shank, Esq.
BOWLES RICE LLP
1217 Chapline Street
Wheeling, West Virginia 26003
jshank@bowlesrice.com
   *Counsel for Kroger Limited Partnership I*

Jason S. Hammond, Esq.
Josef A. Horter, Esq.
Bailey & Wyant, PLLC
P.O. Box 3710
Charleston, West Virginia 25337-3710
jhammond@baileywyant.com
jhorter@baileywyant.com
   *Counsel for Dollar Tree Stores, Inc.*

Stuart Calwell, Esq.
John H. Skaggs, Esq.
Alexander D. McLaughlin, Esq.
Calwell Luce diTrapano PLLC
500 Randolph Street
Charleston, WV 25302
scalwell@calwelllaw.com
jskaggs@calwelllaw.com
amclaughlin@calwelllaw.com
   *The Elswick Company d/b/a Anytime Fitness*

2

Kmart Corporation
c/o Mark C. Cavanaugh, Esq.
Dugan Brinkmann Maginnis & Pace
1880 Johns F. Kennedy Blvd., Ste. 1400
Philadelphia, PA  19103
mccavanaugh@dbmplaw.com
  *Counsel for Kmart Corporation*

Christopher P. Schueller, Esq.
Union Trust Building
501 Grant Street, Suite 200,
Pittsburgh, PA 15219
christopher.schueller@bipc.com
  *Counsel for COMM 2013 CCRE12 Crossings Mall Road LLC*

Arch W. Riley, Jr., Esq.
Berstein-Burkley, P.C.
P. O. Box 430
Wheeling, WV  26003-0009
ariley@bernsteinlaw.com
  *Counsel for Transform KM LLC*

/s/  Steven L. Thomas
Steven L. Thomas (WVSB # 3738)
Victoria L. Wilson (WVSB #10607)
Kay Casto & Chaney PLLC
sthomas@kaycasto.com
vwilson@kaycasto.com